| | | |
|---|---|---|
| **IVAN BURLEY** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:17-cv-0370** |
| | ] | **Judge Trauger** |
| **UNITED PARCEL SERVICE, et al.** | ] | |
| **Defendants.** | ] | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Correctional Development Center for Men in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the United Parcel Service (UPS) and Megan Humphries, a UPS employee, seeking damages.

Humphries is employed at a UPS store in Hendersonville, Tennessee. On two separate occasions in October, 2015, she opened a package addressed to a post office box leased to the plaintiff. In the packages, Humphries found what she thought might be illegal drugs. She reported the discovery to the authorities who later placed the plaintiff under arrest.

The plaintiff believes that Humphries violated his rights by opening the packages without cause and reporting him to the police.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Clearly, the defendants were private individuals who were not acting "under color of state law" when the plaintiff's packages were opened. Thus, they are not liable to the plaintiff under §

1983. Besides, Humphries allegedly violated the plaintiff's rights in October, 2015 when she opened the plaintiff's packages. It appears, therefore, that the instant action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997).

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Aleta A. Trauger
United States District Judge